UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21650-CIV-HUCK/SIMONTON

SASA PADJURAN, and others similarly
situated,

    Plaintiff,

vs.

AVENTURA LIMOUSINE &
TRANSPORTATION SERVICE, INC.,
and NEIL GOODMAN,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendants, Aventura Limosine & Transportation Service, Inc. ("Aventura Limousine") and Neil Goodman's Motion to Dismiss, filed July 16, 2007 (DE #6). The Court has considered the Motion, Plaintiff's Response thereto, and Defendants' Reply in further support thereof. The Court is duly advised in the premises.

## BACKGROUND

This is an action for unpaid wages and overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (the "FLSA"). Plaintiff was a chauffeur for the Defendants' limousine service until 2005. Plaintiff was paid a percentage of the charge to the limousine customer, plus gratuity from the customer. Although Plaintiff regularly worked more than forty hours per week, he was not paid overtime compensation. Defendants classified Plaintiff as an independent contractor -- exempt from the minimum wage and overtime compensation requirements of the FLSA -- not as an employee. Plaintiff alleges that he was not truly an independent contractor, but an employee of the Defendant limousine service and, as such, entitled to the minimum wage required by 29 U.S.C. § 206 and the overtime pay required by 29 U.S.C. § 207. Plaintiff seeks recovery of the wages and overtime compensation he claims he is due (Counts I and II, respectively).

Defendants have moved to dismiss Plaintiff's Complaint on three grounds. First, Defendants

assert that the Court lacks jurisdiction to grant the declaratory relief Plaintiff seeks. As part of his Count I, Plaintiff seeks "a declaration that he was an employee and an order requiring the Defendant to issue him a W-2 form with the appropriate share of the Defendant's social security liability paid . . .".  Defendant argues that the foregoing is a request for a declaration with respect to Federal taxes and, as such, improper under 28 U.S.C. § 2201. Defendants also seek dismissal because, in their view, Plaintiff is not the real party in interest. Defendants have filed the Affidavit of Defendant Neil Goodman, which states that his company, Defendant Aventura Limousine, did not employ Plaintiff directly, but instead contracted with and paid a Florida corporation, Elite Group of Miami, Inc. ("Elite Group") for the services rendered by Plaintiff.  Plaintiff was Elite Group's president and sole shareholder. Finally, Defendants move for dismissal of the Complaint because, in their view, Plaintiff is a commercial motor vehicle operator subject to the jurisdiction of the Department of Transportation and exempt from application of § 207 of the FLSA.

### STANDARD ON MOTION TO DISMISS

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hummings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Systems, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(citations omitted); *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1983). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted. *M/V Sea Lion V v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994)(citations omitted). Nevertheless, to survive a motion to dismiss, plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996).  Moreover, when on the basis of a

dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## ANALYSIS
### The Court's Jurisdiction under 28 U.S.C. § 2201

Defendants first argue that the Complaint contains a prayer for relief the Court cannot grant. Specifically, Defendants take issue with that portion of Count I which seeks a declaration from the Court that that Plaintiff "was an employee and an order requiring the Defendant to issue him a W-2 form with the appropriate share of the Defendant's social security liability paid . . ." Defendants argue that the foregoing is a request for a declaration regarding Federal taxes and, as such outside the Court's jurisdiction to grant declaratory relief under 28 U.S.C. § 2201. Section 2201 provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

(emphasis added). Defendants argue that Plaintiff's request to be declared an employee is one "with respect to Federal taxes" and, thus, outside of the Court's jurisdiction. The Court disagrees, but nevertheless strikes a portion of Plaintiff's prayer for relief as unauthorized by the FLSA.

The question of whether Plaintiff is an "employee" is a threshold element of his FLSA claim. Although language in Plaintiff's *ad damnum* clause seeking a declaration that he was an employee may be superfluous, it is not prejudicial to Defendant, since the burden will lie on Plaintiff to prove that he was, in fact, Defendants' employee in order to recover for violations of the FLSA. Plaintiff's additional request for an order requiring Defendants to issue him "a W-2 form with the appropriate share of the Defendant's [sic] social security liability paid," however, is a request for injunctive relief which is not available to employees under the wage and overtime provisions of the FLSA. Although the FLSA authorizes the Secretary of Labor to seek injunctive relief under certain circumstances, employees are limited to recovery of back pay plus an equal amount as liquidated damages. *See* 29 U.S.C. §§ 216 and 217. *See also Reich v. Tiller Helicopter Sevices, Inc.*, 8 F.3d 1018, 1030 (5th Cir. 1993)(explaining that the FLSA affords three causes of action, two by the Secretary suing on behalf

of injured employees and one by employees suing directly, that the secretary can seek injunctive relief under §217, and that employees can sue for back pay and liquidated damages). Accordingly, Plaintiff's request for an order requiring Defendants to issue him a W2 with the appropriate share of the their social security liability paid is hereby STRICKEN.

### Plaintiff's Status as the Real Party in Interest

Defendants also seek dismissal of the Complaint because they dealt with Plaintiff's corporation and not Plaintiff, individually. In support of their argument, Defendants have filed the Affidavit of Defendant Neil Goodman, the President of Defendant Aventura Limousine, stating that Plaintiff insisted that Aventura Limousine deal with and pay his corporation, Elite Group, and not Plaintiff directly. Accordingly, Defendants assert that Plaintiff, Sasa Padjuran, is not the real party in interest in this matter. Such matters, however, lie beyond the four corners of the complaint. The Complaint alleges that Plaintiff was Aventura Limousine's employee, as that term is contemplated by the FLSA. *See* Compl. at ¶ 12. "For purposes of ruling on a motion to dismiss for want of standing, [a trial court] must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Moreover, the fact that the parties here may have entered into a relationship which appeared on paper to be that between a business and an independent contractor is not dispositive of the issue of whether Plaintiff was, in reality, an employee as opposed to an independent contractor for FLSA purposes. *See, e.g., Harrell v. Diamond A Entertainment*, 992 F.Supp. 1343, 1347-48 (M.D. Fla. 1997). Employment is defined with "striking breath" under the FLSA. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 722, 728 (1992). An entity is said to "employ" a person if it "suffers or permits" the person to work. 29 U.S.C. § 203(g). In this regard, "courts must determine whether, as a matter of 'economic reality,' an individual is an employee or an independent contractor in business for himself." *Fruend v. Hi-Tech Satellite, Inc*., 185 Fed. Appx. 782, 782-83 (11th Cir. 2006)(quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)). To that end, courts look not to the common law definition of employment, but rather to whether the putative employee is economically dependent upon the alleged employer. *See Rutherford Food. Corp.*, 331 U.S. at 730. In addition to lying beyond the four corners of the Complaint, the matters asserted in the Motion to Dismiss and the Affidavit of Neil

Goodman fail to establish, as a matter of law, that Plaintiff was not, as a matter of economic reality, Aventura Limousine's employee.[1]  Accordingly, the Court DENIES Defendants' Motion to Dismiss on the ground that Plaintiff is not the real party in interest.

### Plaintiff's Status as a Commercial Motor Vehicle Operator

Finally, Defendant argues that Plaintiff is a commercial motor vehicle operator, exempt from § 207 of the FLSA.  Section 213(b)(1) of the FLSA provides that § 207 shall not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [49 U.S.C. § 31502]." 29 U.S.C. § 213(b)(1). The Motor Carrier Act grants the Secretary of Transportation the authority to regulate the maximum hours of service of employees who are (1) employed by a carrier whose transportation of property or passengers is subject to the Secretary's jurisdiction under the Act; and (2) engaged in activities that directly affect the safety of operation of motor vehicles in interstate or foreign commerce. 29 C.F.R. § 782.2(a).  Here, again, Defendants have asserted matters outside the four corners of the Complaint in support of their Motion to Dismiss. That aside, the matters asserted fail to establish, as a matter of law, the applicability of the claimed exemption.  Specifically, Defendants argue in their Motion to Dismiss that Plaintiff regularly drove vehicles included under the definition of "commercial motor vehicle" provided in 49 U.S.C. § 31301(4), that is vehicles weighing more than 10,001 pounds. Plaintiff, however, alleges in paragraph 27 of his Complaint that he never drove a vehicle weighing more than 10,000 pounds. Again, on a motion to dismiss, the Court must accept the facts alleged in the Complaint as true. *See Hummings*, 29 F.3d at 1483.  Accordingly, Defendants have failed to establish that Plaintiff drove vehicles subject to the Motor Carrier Act.  Even assuming that the vehicles Plaintiff drove *were* of the type covered by the Act, Defendant has not established the second prong noted above, that Plaintiff engaged in activities directly affecting the safety of operation of motor vehicles in interstate or foreign commerce.  Defendants do not refute the allegation in Plaintiff's Complaint, that Plaintiff never once drove outside the State of Florida. *See*

---

[1] The Court's determination in this regard is solely for the purpose of deciding the instant motion to dismiss.  On summary judgment or at trial, Defendants may ultimately prove that Plaintiff was, in fact, an independent contractor and not an employee.

Compl., at ¶ 26.  Accordingly, Defendants' Motion to Dismiss is DENIED insofar as it is based on the argument that Plaintiff is a commercial motor vehicle operator, exempt from § 207 of the FLSA.[2]

## CONCLUSION

For the reasons and authorities cited above, it is hereby ORDERED that Defendants' Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of August, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] The Court's determination as to the applicability of the Motor Carrier exemption is solely for the purpose of its ruling on the instant motion to dismiss.  Defendants may ultimately prove that the exemption does apply to bar Plaintiff's claims under § 207 of the FLSA.